Sneed, J.,
delivered the opinion of the Court.
The action was against defendant as executrix to recover a debt due plaintiff from estate of her testator. She relied upon the plea plene administravit, *193 upon which issue was joined. The court charged the jury that the burthen of proof in support of the plea was upon defendant, in. the first instance, to show that no assets of her testator were in her hands to be administered at the time the suit was commenced, before the plaintiff would be required to show assets having come to her hands, and if the defendant did not first make such proof, the jury would find for the plaintiff.
The court was in error in these instructions. We are not aware that this question has ever before been presented in this court, and we know of no direct decision upon it. But it is a well recognized doctrine of the common law that upon the plea plene administravit, the burthen of proving assets is upon the plaintiff, who is supposed to have affirmed the possession of assets by his action. The defendant is presumed to have made and filed a sworn inventory of the assets of the estate, to which creditors may resort to ascertain its condition. It was held, in the case of Marr v. Rucker, that by the principles of the common law, and the immemorial practice of the courts, the plaintiff, upon such issue, may show and prove assets not included in the inventory. 1 Hum., 348. And we hold that the burthen is upon the plaintiff in any case. When he takes issue upon the plea he must support his replication, 1 Johns., 323; 11 Vin. Ab., 349; 2 Phil. Ev., 295; 3 Saund., 315; 6 Com. Dig., 311; 2 Saund. Pls. Ev., 512; 6 Tenn., 5.
Let the judgment of the Municipal Court be reversed, and the cause remanded.